**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW KWASI DONKOR,<br><br>    Petitioner,<br><br>    v.<br><br>KENNETH C. BYRN et al.,<br><br>    Respondents. | Case No. CV 19-0008-GW(JPR)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT-MATTER JURISDICTION |

On January 2, 2019, Petitioner filed a Habeas Corpus Petition under 28 U.S.C. § 2254. It challenges his 2012 convictions and 14-year prison sentence in Los Angeles County Superior Court for various sex-related offenses. (Pet. at 2.)

Petitioner has filed numerous habeas petitions in this Court challenging the same convictions, including one that was denied as untimely. See Donkor v. Holland, No. EDCV 14-01408-GW (DTB), 2016 WL 9131462, at *5 & n.4 (C.D. Cal. Dec. 28, 2016), accepted in relevant part by 2017 WL 2562100, at *1 (C.D. Cal. June 12, 2017). Petitioner appealed to the Ninth Circuit Court of Appeals, which declined to issue him a certificate of appealability. See Donkor v. Sullivan, No. 17-56048 (9th Cir.

1

Jan. 31, 2018) (order denying certificate of appealability).

The Antiterrorism and Effective Death Penalty Act of 1996 provides, in 28 U.S.C. § 2244(b), as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to

consider the application.

The pending Petition is a second or successive petition within the meaning of § 2244(b) because it challenges the same judgment of conviction as Petitioner's earlier habeas petition, the denial of which was affirmed by the Ninth Circuit when it refused to grant him a certificate of appealability. Under § 2244(b)(3)(A), then, Petitioner was required to secure an order from the Ninth Circuit authorizing the filing of his current Petition. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding that even when first petition was dismissed as untimely, subsequent petition is second or successive and requires prior authorization to file). The Court's review of the Ninth Circuit's docket indicates that Petitioner has never asked for, much less received, permission from that court to file a successive petition.

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 9, 2019

_____
GEORGE H. WU
U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge

---

[1] That rule states in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

3